UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61132-CIV-COHN

COLLETEE M.A. JEFFRIES and
LAWRENCE T. JEFFRIES, as husband and wife,   Magistrate Judge Seltzer

  Plaintiffs,

vs.

SUNRISE HOTEL CORPORATION, d/b/a
SUNRISE HILTON HOTEL, SANDCASTLE
RESORTS AND HOTELS LTD., d/b/a SUNRISE HILTON
HOTELS, LEISURE COLONY MANAGEMENT,
d/b/a SUNRISE HILTON HOTEL, ISSAC FAGAN,
HANNAH PHILLIPS, and BEVERLY YOUNG

  Defendants.
_____/

**ORDER DENYING MOTION TO REMAND**
**ORDER FOR STATUS REPORT REGARDING ANSWERS**

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand [DE 6], Plaintiff's Response thereto [DE 12] and Defendant's Reply [DE 16]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiffs Collette and Lawrence Jeffries ("Plaintiffs") filed this action in state court in December of 2007, alleging claims of negligence.  The claims arose after an injury suffered by Collette Jeffries during a visit to the Sunrise Hilton Hotel.  The Plaintiffs had booked adjoining rooms that were "accessible" under the Americans with Disabilities Act ("ADA") due to the disability of Collette Jeffries' wheelchair-bound mother.  During their stay at the hotel, Collette Jeffries had the top portion of her pinky finger sliced off when the adjoining door to the rooms failed to remain open.

In their initial complaint in state court, Plaintiffs alleged as part of their negligence claim that Defendants had violated the ADA.  See ¶¶ 16g, 16h, 21g, 21h, 26g, 26h, 31g, 31h, 41 of initial complaint [DE 12-2].  After Defendant Leisure Colony Management moved to dismiss or to require a more definite statement regarding the existence of an ADA claim, the state court granted the motion and allowed an amended complaint.  Plaintiffs filed the amended complaint on June 23, 2008, this time adding a separate claim for violation of the ADA.  Defendants removed this action to this court on July 21, 2008, based upon a federal question raised by the ADA claim.  Plaintiffs moved to remand the case within thirty days of removal.

## II.  DISCUSSION

Plaintiffs argue that removal was untimely due to the presence of the ADA in the initial complaint and that Defendant Lennar did not consent to removal.  On a motion to remand, the removing party bears the burden of establishing jurisdiction.  Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).[1]

Plaintiffs argue that the federal question of the ADA was present in the initial complaint, meaning that Defendants failed to timely remove the case.  Even though there was no separate claim for a violation of the ADA in the initial complaint, Plaintiffs rely upon the line of cases holding that when a violation of a federal statute is a

---

[1] The second argument regarding lack of unanimity is now moot, as Defendant Lennar was dismissed from the case [DE 13], and Plaintiffs did not renew this argument in their reply memorandum filed after that dismissal.

2

necessary element of a state claim, or a state claim necessarily turns on the interpretation of federal law, federal question jurisdiction can arise.  <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983); <u>Hill v. Marston</u>, 13 F.3d 1548, 1550 (11th Cir. 1994).

Applying this law to the case at bar, the violation of the ADA alleged within the negligence claim in the initial complaint is not a necessary element of the state claim.  Violation of the ADA **could** form a basis for a violation of the standard of care for the negligence claim, but it is only one way to show a standard of care violation, and is not necessary to prove the state claim.  Upon a full reading of the initial complaint, the negligence claim remains valid and provable even if the subparagraphs mentioning the ADA are eliminated.  As the United States Court of Appeal for the Eleventh Circuit has stated, "violation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action."  <u>Hill</u>, 13 F.3d at 1550.

In addition, remanding this case would promote plaintiffs to file vague state tort complaints with references to federal statutes but no federal claims.  Defendants would be forced to file premature motions to remand less they waive their right to seek a remand of cases invoking federal question jurisdiction.  Defendant Leisure Colony followed proper procedure in this case by first moving in the state court for a more definite statement.  Upon the state court's order granting Defendant's motion, an amended complaint was filed with a separate federal claim, thus prompting a timely removal.

III.  CONCLUSION

The Court concludes that the motion to remand be denied.  Defendants properly removed the case within thirty days of the first notice of a federal question.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 6] is hereby **DENIED**;

2. Defendants do not appear to have filed answers to the Amended Complaint contained within the Notice of Removal.  In order for the pleadings to be clear, Defendants should separately file Answers to the Amended Complaint by December 2, 2008;

3. The parties should review the attorney information as it relates to each party on the CM/ECF docketing system and make sure the information is accurate as to which counsel is representing which party.  Out of state counsel who wish to participate must follow the proper procedures for *pro hac vice* admission.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of November, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record on CM/ECF