UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61132-CIV-COHN

COLLETEE M.A. JEFFRIES and
LAWRENCE T. JEFFRIES, as husband and wife,   Magistrate Judge Seltzer

    Plaintiffs,

vs.

SUNRISE HOTEL CORPORATION, d/b/a
SUNRISE HILTON HOTEL, SANDCASTLE
RESORTS AND HOTELS LTD., d/b/a SUNRISE HILTON
HOTELS, LEISURE COLONY MANAGEMENT,
d/b/a SUNRISE HILTON HOTEL, ISSAC FAGAN,
HANNAH PHILLIPS, and BEVERLY YOUNG

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT VIII OF AMENDED COMPLAINT

THIS CAUSE is before the Court upon Defendants Sunrise Hotel Corporation, Sandcastle Resorts and Hotels Ltd., and Leisure Colony Management Corp.'s Motion to Dismiss Count VIII of Plaintiffs' Amended Complaint [DE 22]. The Court has carefully considered the motion and is otherwise fully advised in the premises.  The deadline for responding to the motion passed on December 22, 2008.

### I. BACKGROUND

Plaintiffs Collette and Lawrence Jeffries ("Plaintiffs") filed this action in state court in December of 2007, alleging claims of negligence.  The claims arose after an injury suffered by Collette Jeffries during a visit to the Sunrise Hilton Hotel.  The Plaintiffs had booked adjoining rooms that were "accessible" under the Americans with Disabilities Act ("ADA") due to the disability of Collette Jeffries' wheelchair-bound

mother. During their stay at the hotel, Collette Jeffries had the top portion of her pinky finger sliced off when the adjoining door to the rooms failed to remain open.

In their initial complaint in state court, Plaintiffs alleged as part of their negligence claim that Defendants had violated the ADA. See ¶¶ 16g, 16h, 21g, 21h, 26g, 26h, 31g, 31h, 41 of initial complaint [DE 12-2]. After Defendant Leisure Colony Management moved to dismiss or to require a more definite statement regarding the existence of an ADA claim, the state court granted the motion and allowed an amended complaint. Plaintiffs filed the amended complaint on June 23, 2008, this time adding a separate claim for violation of the ADA. Defendants removed this action to this court on July 21, 2008, based upon a federal question raised by the ADA claim. Plaintiffs moved to remand the case because removal was untimely and the lack of unanimity of consent. This Court denied the motion for remand.

The corporate defendants now move to dismiss the ADA claim in Count VIII because Plaintiff Collette Jeffries is not a proper plaintiff, the ADA cannot serve as a basis for a negligence claim, and the claim is plead incorrectly as it groups multiple defendants into a single claim.

The Court need not address all the issues raised by the motion as it is clear that Plaintiffs are not qualifying individuals under the ADA as they are not "disabled." The Court is not aware of case law that suggests that caregivers of the disabled can bring an ADA claim in their own right. Thus, the ADA claim fails simply because Plaintiffs are not disabled. The Court need not address the other arguments made by the corporate defendants.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Sunrise Hotel Corporation, Sandcastle Resorts and Hotels Ltd., and Leisure Colony Management Corp.'s Motion to Dismiss Count VIII of Plaintiffs' Amended Complaint [DE 22] is hereby **GRANTED**;

2. Count VIII of Plaintiffs' Amended Complaint [DE 22] is hereby **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of January, 2009.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:

Ware Cornell, Esq.
Kenneth Carman, Esq.