UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61132-CIV-COHN

COLLETEE M.A. JEFFRIES and
LAWRENCE T. JEFFRIES, as husband and wife,        Magistrate Judge Seltzer

    Plaintiffs,

vs.

SUNRISE HOTEL CORPORATION, d/b/a
SUNRISE HILTON HOTEL, SANDCASTLE
RESORTS AND HOTELS LTD., d/b/a SUNRISE HILTON
HOTELS, LEISURE COLONY MANAGEMENT,
d/b/a SUNRISE HILTON HOTEL, ISSAC FAGAN,
HANNAH PHILLIPS, and BEVERLY YOUNG

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendants Issac Fagan, Hannah Phillips and Beverly Young's Motion for Summary Judgment [DE 31]. The Court has carefully considered the motion, Plaintiff's opposition to the motion [DE 40], and Defendants' Reply [DE 43], and is otherwise fully advised in the premises. The motion became ripe on May 18, 2009.

I.  BACKGROUND

Plaintiffs Collette and Lawrence Jeffries ("Plaintiffs") filed this action in state court in December of 2007, alleging claims of negligence against various defendants. The claims arose after an injury suffered by Collette Jeffries during a visit to the Sunrise Hilton Hotel. The Plaintiffs had booked adjoining rooms that were "accessible" under the Americans with Disabilities Act ("ADA") due to the disability of Collette

Jeffries' wheelchair-bound mother.  During their stay at the hotel, Collette Jeffries had the top portion of her pinky finger severely injured when the adjoining door to the rooms failed to remain open.  Amended Complaint, ¶17 [DE 1, pp. 23-34].

Plaintiffs filed an amended complaint on June 23, 2008, adding a separate claim for violation of the ADA.  Defendants removed this action to this court on July 21, 2008, based upon a federal question raised by the ADA claim.  Certain defendants moved to dismiss the ADA claim in Count VIII because Plaintiff Collette Jeffries is not a proper plaintiff.  The Court granted the motion [DE 26].

The individual Defendants now move for summary judgment on Counts V, VI and VII.  These claims are for negligence against individual defendants Isaac Fagan, Hannah Phillips, and Beverly Young.  Discovery in this case has closed.[1]

## II. DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine

---

[1] The Court notes that Plaintiffs' counsel moved to withdraw on March 3, 2009 [DE 34], while discovery closed on February 23, 2009.  The Court gave Plaintiffs a significant extension of time to respond to the motion for summary judgment, which was filed on February 17, 2009.

issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. at 249-50.

### B.  Negligence Claims Against Hotel Employees

Defendants are seeking summary judgment as to the negligence claims against three hotel employees:  the bellman, Isaac Fagan, who moved the Plaintiffs' luggage to

3

the handicap accessible rooms and allegedly improperly propped open the adjoining door; the front desk clerk, Beverly Young, who directed the bellman to move the luggage to the new rooms; and the sales person, Hannah Phillips, who originally booked the rooms for Plaintiffs. Under Florida law, to state a claim for negligence, a plaintiff must allege a duty of care owed by the defendant to the plaintiff, breach of that duty of care, causation and resulting damages. Mosby v. Harrell, 909 So.2d 323, 327 (Fla. Dist. Ct. App. 2005). The Court will address each defendant in turn.

The Defendant as to which causation is too remote as a matter of law is the sales person, Hannah Phillips. The unrebutted evidence before the Court is that Ms. Phillips left the hotel's employ several months before the Plaintiffs arrived for their stay. See Exhibit A to Defendant's Motion [DE 31-2]. The fact that Plaintiff Laurance Jeffries spoke with Ms. Phillips numerous times in the spring of 2003, eventually confirming on May 14, 2003 a reservation for handicap connecting rooms for December 22, 2003, does not create an issue of fact that Ms. Phillips had anything to do with the actual incident on December 23, 2003 involving the adjoining door between the rooms. Phillips' act of making the reservation is too remote to the actual injury, particularly given the intervening actions of Plaintiffs, Fagan, and Young. Central Concrete Co., Inc. v. Harris, 475 So.2d 1300 (Fla.Dist.Ct.App. 1985). Thus, the Court will grant summary judgment as to Count VI.

As to Defendant Fagan, the Court cannot conclude as a matter of law that the unrebutted facts show that his actions were too remote. Plaintiff Laurance Jeffries' affidavit states that Fagan brought the Plaintiffs' bags to the new room, "opened the

4

connecting doors and placed the night security latch backward on each door to allow the doors to remain open. Isaac Fagan also placed a waste can against each door to stop the doors from moving." Affidavit of Laurance Tyrone Jeffries, ¶ 15 [DE 40 at pp. 20 of 20]. Thus, contrary to Defendants' argument in its reply memorandum, Plaintiff has raised an issue of material fact as to Fagan's possible negligence regarding the connecting doors.

As to Defendant Young, her actions fall in between the acts of the prior two Defendants. Although she was only the front desk person who did not "supervise" Fagan, Affidavit of Beverly Young Eketebi [DE 31-3], Plaintiff Jeffries' affidavit states that Young instructed Fagan to transfer Plaintiff's luggage to the new rooms "and to open the interior connecting doors." Jeffries Affidavit, ¶ 13. This evidence raises a material issue of fact that Young's actions were not too remote in the causation of the injury at issue.

### III.  CONCLUSION

The Court concludes that Defendants' motion should be granted as to Defendant Phillips, but denied as to Defendants Fagan and Young.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Issac Fagan, Hannah Phillips and Beverly Young's Motion for Summary Judgment [DE 31] is hereby **GRANTED in part** and **DENIED in part**, as explained above;

2. The Court will enter summary judgment in favor of Defendant Phillips with regard to Count VI of Plaintiffs' Amended Complaint;

3. The remaining claims for trial are found in Counts I, III, IV, V, VII and IX of the Amended Complaint filed in state court;[2]

4. The remaining deadlines are as previously stated in this Court's April 1, 2009 Order [DE 38]:

| | |
|---|---|
| Motions in limine | May 28, 2009 |
| Responses to motions in limine | June 11, 2009 |
| Joint Pretrial Stipulation and any Deposition Designations for use at trial for any unavailable witness | June 12, 2009 |
| Proposed Jury instructions and voir dire questions, objections to deposition designations and/or cross-designations | Calendar Call |

5. The Calendar Call remains set for 9:00am on June 18, 2009, in Courtroom 203E of the United States Courthouse, 299 East Broward Blvd, Fort Lauderdale, Florida;

6. The trial remains set for the two-week period commencing June 22, 2009. The Court advises the parties that there is a criminal case scheduled for the same period that would have trial priority if it goes to trial;

7. However, if the parties agree, they could begin trial on Monday, June 15, 2009, as the Court does not have a trial scheduled for that week. Both sides should submit a written "Notice" of agreement to earlier trial date, no later than 4:00pm

---

[2] Plaintiff Laurance Jeffries' loss of consortium claim in Count IX would now only relate to the remaining claims in Counts I, III, IV, V and VII.

on Friday, June 5, 2009 and should submit the joint pretrial stipulation by close of business on June 11, 2009 (one day earlier than the present deadline).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of June, 2009.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:

Mr. Laurance Jeffries
Mrs. Collette Jeffries
7658 S. Crandon Avenue
 Chicago, IL 60649
courtesy copy sent via fax to 773-768-1800 due to short deadline for option of beginning case on June 15, 2009


Kenneth Carman, Esq.